CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 30 2012

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **BRETT ANTHONY VANDYKE,** | ) | CASE NO. 7:12CV00177 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| | ) | |
| **SWVRJ ABINGDON FACILITY,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| **Defendant.** | ) | |

Brett Anthony Van Dyke, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that officials at the Southwest Virginia Regional Jail ("the jail") have provided him with inadequate medical treatment for a foot rash, in violation of his constitutional rights. The court finds that these allegations fail to state any claim actionable under § 1983 and summarily dismisses VanDyke's complaint.

**I**

Van Dyke alleges the following sequence of events. Van Dyke developed a rash on his foot and filed a sick call request. The jail doctor examined the condition and prescribed a medication called Visteral. When this medication did not help Van Dyke's condition, he filed a second sick call request. Without looking at Van Dyke's feet or the rash, the doctor prescribed a new medication. After the third or fourth appointment, the doctor prescribed Diflucan, a "yeast infection pill." Van Dyke took this medication "for the entire cycle," but his "condition only worsened," and he filed another sick call request. A different doctor examined Van Dyke this time and told him that the previous doctor should not have prescribed any of the other medications. Van Dyke complains that the jail's medical personnel have not taken any samples or done any tests to discover what his condition is, and yet they have charged him for each

doctor visit and medication, related to the same foot rash. When Van Dyke filed a grievance about his problems getting medical treatment at the jail, the response advised him to discontinue using the medication if he had concerns.

Van Dyke sues the jail. As relief in this action, he seeks to be transferred to a prison facility operated by the Virginia Department of Corrections (VDOC), where he believes he would receive better medical care.

## II

The court must dismiss a prisoner's claim against prison officials if the court determines that the claim is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915A(b)(1). To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

Where a prisoner sues a governmental entity, such as a local jail, for constitutional violations committed by its employees, he must show that the entity's policy was "the moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312, 326 (1981); see also Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978) (finding that local governing entities can be sued under § 1983 only where plaintiff proves alleged unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers"). The only defendant that Van Dyke has named in this case is the jail. His complaint does not offer any indication, however, that the jail's medical staff committed the alleged violations in furtherance of any jail policy or regulation. As such, Van Dyke's allegations do not provide a factual basis for any

§ 1983 claim against the jail. Therefore, the court dismisses his claims without prejudice as legally frivolous, pursuant to § 1915A(b)(1).

Moreover, Van Dyke's allegations fail to state any actionable § 1983 claim against anyone. Only a prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A sufficiently serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). A prison official acts with "deliberate indifference" if he "knows of and disregards an excessive risk to inmate health or safety" and responds unreasonably to the risk. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A claim concerning a mere disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Van Dyke fails to allege facts suggesting that his foot rash causes him any significant discomfort or disability or that it otherwise constitutes a serious medical need. Even if he could demonstrate a serious medical need here, however, Van Dyke states no facts showing deliberate indifference to his needs. Each time he filed a sick call request, a doctor met with him and prescribed treatment. Van Dyke is dissatisfied with the care provided and asserts that the jail medical staff should perform more thorough examinations and tests of his rash to effectively diagnose and treat it. Such disagreement between the medical staff and the patient over the appropriate course of treatment does not establish deliberate indifference. At the most, Van Dyke's allegations suggest that the staff acted negligently in making treatment decisions, which

is not sufficient to show the deliberate indifference necessary to state an Eighth Amendment claim cognizable under § 1983.[1]

For the reasons stated, the court summarily dismisses the complaint without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of April, 2012.

/s/ Glen Conrad
Chief United States District Judge

---

[1] Van Dyke's concerns about grievances and medical copay charges do not change the court's finding that he states no actionable constitutional violation by anyone. Because inmates have no constitutional right to a jail grievance procedure, their dissatisfaction with a grievance response does not give rise to any claim actionable under § 1983. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).
   Similarly, Van Dyke's complaints about being charged for his doctor visits and prescriptions at the jail state no actionable § 1983 claim. Contrary to his apparent belief, the jail may rightfully charge Van Dyke a portion of the cost for medical services, including evaluation of a medical condition. See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 245 (1983) (finding allocation of cost of medical care is a matter of state law). Van Dyke complains about the debt he now owes for medical care he has received at the jail, and he makes no complaint about being denied care based on his inability to pay. The court declines to exercise supplemental jurisdiction over any related state law claims, pursuant to 28 U.S.C. § 1367(c), and dismisses such claims without prejudice.